IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA'

| | | |
|---|---|---|
| MICHAEL B. BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1174-M |
| | ) | |
| CAROLYN W. COLVIN, acting | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed an application to proceed in district court without prepaying fees or costs. Doc. 2. United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and (C).

The filing fee in civil cases is presently $400.00.[1] Pursuant to 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. 1999) (unpublished op.) ("The decision to grant or deny in forma pauperis [IFP] status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a)

---

[1] The filing fee is $350.00. *See* 28 U.S.C. § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

applies to all persons applying for IFP status, and not just to prisoners." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. *Lister*, 408 F.3d at 1312. Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted).

The court evaluates "an application to proceed [IFP] . . . in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). While the court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or he is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses. *Brewer,* 24 F. App'x at 979 (holding that litigant whose "monthly income exceed[ed] his monthly expenses by a few hundred dollars" according to his own accounting

2

appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status). *Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. 2008) (unpublished order) (denying IFP motion where total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff "would be able to pay the filing fee in th[e] case by using his discretionary income from one month").

The undersigned gathers the following information from plaintiff's affidavit. Plaintiff is unemployed. Doc. 2, at 1. He lists monthly income of $3,000.00 from VA Disability. *Id*. He lists total monthly expenses to be $1,999.00, which includes child support and medical expenses for his two dependent children. *Id.* at 2. He lists a financial obligation of a credit card debt of $468.00. *Id*. Plaintiff lists his cash in a checking or savings account to be $9,000.00. *Id*. He identifies owning stocks valued at $40,000.00. *Id*. Thus, although Plaintiff has limited income, the face of his application demonstrates an ability to pay the filing fee. Therefore, upon consideration of the relevant factors and Plaintiff's financial condition as set forth in his application, Plaintiff does not qualify to proceed IFP.

The undersigned recommends that Plaintiff's application to proceed in district court without prepaying fees or costs be denied. The undersigned further recommends that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this

3

Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

The undersigned advises Plaintiff of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before October 31, 2016. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 11th day of October, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE